IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FELIX A. GEORGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:08cv885WC |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION AND ORDER

**I.   INTRODUCTION**

Plaintiff Felix A. George Johnson applied for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq.* Plaintiff's application was denied at the initial administrative level. Plaintiff then requested and received two hearings before an Administrative Law Judge (ALJ). Following the hearings, the ALJ also denied the claims. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the Court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

by the undersigned United States Magistrate Judge.  Pl.'s Consent to Jurisdiction (Doc. #7); Def.'s Consent to Jurisdiction (Doc. #6).  Based on the Court's review of the record and the briefs of the parties, the Court AFFIRMS the decision of the Commissioner.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2]   A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).³

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines⁴ (grids) or call a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an

---

³   *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

⁴   *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

4

**III.   ADMINISTRATIVE PROCEEDINGS**

Plaintiff was forty-eight years old at the time of the alleged disability onset and had at least a highschool education. (Tr. 30). Plaintiff's past relevant work experience was as a production worker at a tire plant. (Tr. 29). Following the second administrative hearing, and employing the five-step process, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date of October 7, 2003 (Step 1). (Tr. 22). At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments: "cervicalgia secondary to cervical degenerative disc disease, central stenosis, failed neck surgery syndrome, hypertension, diabetes mellitus, and bilateral CTS." (Tr. 22). The ALJ then found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (Step 3) (Tr. 25). Next, the ALJ found that Plaintiff retains the RFC to perform light work. (Tr. 26). Given this level of RFC, the ALJ determined that Plaintiff is unable to perform past relevant work. (Step 4) (Tr. 29-30). The ALJ also found that, considering claimant's age, education, work experience, RFC, and the Medical-Vocational Guidelines, Plaintiff could perform jobs that exist in significant numbers in the national economy. (Tr. 30). Accordingly, the ALJ determined that Plaintiff is not disabled. (Tr. 31).

**IV.   PLAINTIFF'S CLAIMS**

The only statement in Plaintiff's brief that could be considered a claim is on page one, where Plaintiff states: "That the decision of the Defendant is not supported by substantial

evidence and applies an erroneous standard of law." Pl.'s Brief (Doc. #11) at 1. However, this is not a proper presentation of a claim. As stated in this Court's November 5, 2008, Order, "general statements of issues such as 'the ALJ's decision is not supported by substantial evidence' will not be considered by the court." (Doc. #2) at n.1.[5]

## V. DISCUSSION

Plaintiff's brief alleges no error by the ALJ. Rather, Plaintiff merely makes a series of statements that one might find in a "facts" section of a brief. Plaintiff completely fails to allege any wrong-doing or error by the ALJ.

Plaintiff starts the "Argument" section of his brief by declaring that he suffers from a history of neck and back pain and that he also suffers from debilitating depression.[6] Pl.'s

---

[5] Further, Plaintiff's brief was not filed in a manner prescribed by the November 5, 2008, Order, in which the Court instructed:

> Plaintiff's brief shall contain a section titled "Statement of the Issues." In this section **in numbered paragraphs**, Plaintiff shall state in a **concise, specific manner** each issue which Plaintiff presents to the court for resolution. Issues not presented in the Statement of the Issues will not be considered. . .
>
> Claims or contentions by Plaintiff alleging deficiencies in the ALJ's consideration of claims or alleging mistaken conclusions of fact or law and contentions or arguments by the Commissioner supporting the ALJ's conclusions of fact or law **must include a specific reference, by page number, to the portion of the record** which (recites the ALJ's consideration or conclusion and (2) which supports the party's claims, contentions or arguments.

Order (Doc. #2) at 2-3.

[6] Plaintiff does not even allege that the ALJ erred in determining that his depression was not disabling, much less how the ALJ might have erred.

6

Brief (Doc. #11) at 2. Plaintiff then states that "[t]here are conflicting Dr. studies and conflicting RFC exams that range from 'no limitations' to 'meets listing'" and then proceeds to outline a few examples of what he sees as conflicting medical opinions. *Id*. Plaintiff then concludes with a prayer for relief. *Id*.

In response, the Commissioner pointed out the inadequacies of Plaintiff's brief, then attempted to infer arguments on Plaintiff's behalf and respond. It is Plaintiff's responsibility to present arguments on his own behalf, not the Commissioner's, or the Court's. Indeed, it is Plaintiff's burden to prove he is disabled. *See Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (refusing to consider arguments not raised before the district court). "It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones. [] Judges are not expected to be mindreaders. Consequently, a litigant has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace." *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) (internal quotations omitted).

Under the normal standard of review this Court must "scrutinize the record in its entirety to determine the reasonableness of the secretary's factual findings." *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987). The Court has reviewed the record and finds that the ALJ's determinations were reasonable, supported by substantial evidence, and without error.

**VI.   CONCLUSION**

The Court has carefully and independently reviewed the record and concludes the decision of the Commissioner is AFFIRMED.  A separate judgment will issue.

DONE this 1st day of December, 2009.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE